UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

|  |  |  |
|---|---|---|
| DIANNE SOVEY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO. 5:20-cv-00386-MAS** |
| **v.** | ) | |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### OPINION & ORDER

Plaintiff Diane Sovey ("Sovey") appeals the Commissioner's denial of her applications for Disabled Widow(er)'s Insurance Benefits ("DWB") under Title II of the Social Security Act and for Supplemental Security Income ("SSI") benefits under Title XVI of the Act. [DE 1].[1] The Court addresses the parties' competing summary judgment motions. [DE 18, 24]. For the reasons discussed below, the Court finds that the Administrative Law Judge ("ALJ") applied the proper standards and that the ALJ's decision is supported by substantial evidence. The Court thus affirms the Commissioner's decision to deny Sovey both DWB and SSI benefits.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Sovey protectively filed DWB, SSI, and DIB applications on December 28, 2017. [R. at 15]. She was 49 years of age at the time of filing and 53 years of age at the time of the administrative hearing. [R. at 24, 34]. Plaintiff completed the eighth grade and has prior work

---

[1] Though the Complaint also references a Disability Insurance Benefits ("DIB") application, Sovey voluntarily dismissed her DIB claim during the administrative hearing, as discussed *infra*. That application is not at issue in this appeal.

experience as a cashier, babysitter, and order picker. [R. at 40-41, 242-53]. Sovey's DWB, SSI, and DIB applications were denied initially on April 4, 2018, and upon reconsideration on July 18, 2018. [R. at 15]. Sovey filed a written request for a hearing on September 13, 2018. [*Id.*].

ALJ Boyce Crocker ("ALJ Crocker") conducted a hearing on October 15, 2019, in Lexington, Kentucky. [R. at 34]. Non-attorney representative Patsy Hughes appeared on behalf of Sovey. [*Id.*; R. at 34]. Vocational Expert Laura Lykins ("VE Lykins") also participated. [R. at 34]. At the hearing and with the advice of her representative, Sovey voluntarily dismissed her Title II DIB claim and amended her alleged disability onset date to July 1, 2016. [R. at 35-37]. On November 15, 2019, ALJ Crocker issued an unfavorable decision finding that Sovey was not disabled under the Social Security Act during the relevant periods and was not entitled to either DWB or SSI benefits. [R. at 15-26]. As to the DWB claim, ALJ Crocker found that Sovey met all of the non-disability requirements, as she was then the unmarried widow of a deceased, insured worker and had reached age 50. [R. at 18]. The prescribed DWB period ends on August 31, 2022. [*Id.*]. ALJ Crocker further found that Sovey had not engaged in substantial gainful activity since the amended alleged onset date and that she suffered from several severe impairments: diabetes, neuropathy, chronic obstructive pulmonary disease ("COPD"), osteoarthritis of the right foot, degenerative disc disease of the lumbar spine, obesity, obstructive sleep apnea ("OSA"), and somatic pain disorder. [*Id.*]. However, he found that none individually or in combination met or medically equaled a Subpart P, Appendix I listing. [R. at 19]. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926.

ALJ Crocker ultimately found that Sovey had the residual functional capacity ("RFC") to perform light work, with certain outlined adjustments. [R. at 20-24]. *See* 20 C.F.R. §§ 404.1567(b), 416.967(b). Though the ALJ found that Sovey could not perform her past work

as she had actually performed it (at the medium exertion level), he did find, based on Sovey's age, education, work experience, and RFC that she could perform jobs that existed in significant numbers in the national economy. Such representative jobs included assembler of small parts, sorter, and final inspector, based on the Dictionary of Occupational Titles ("DOT"). [R. at 24-25]. *See* 20 C.F.R. §§ 404.1569, 404.1569a, 416.969, 416.969a. ALJ Crocker found the VE's testimony consistent with the DOT. [R. at 25]. Accordingly, based on his review of the record, ALJ Crocker concluded that Sovey had not been disabled under the Social Security Act at any time from the original alleged onset date of September 1, 2015, through the date of the decision. [R at 25-26]. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

The Appeals Council ultimately denied review in July 2020. [R. at 1]. Sovey subsequently initiated this action to challenge ALJ Crocker's decision, which became the final agency decision upon Appeals Council denial. [DE 1 (Complaint)]. Both Sovey and the Commissioner seek summary judgment. [DE 18 and 24, respectively]. The motions are ripe for review. For the reasons discussed below, the Court grants the Commissioner's motion and denies Sovey's motion.

## II.    LEGAL FRAMEWORK[2]

Judicial review of the ALJ's decision is deferential and strictly limited. The Court's sole task is to determine whether the ALJ applied the correct legal standards and whether the ALJ's factual findings are supported by substantial evidence in the record. *See Blakley v. Comm'r of*

---

[2] In addition to the non-disability requirements in § 202(e) of the Social Security Act, DWB claims largely track the DIB regulations for purposes relevant to this appeal. The DIB regulations themselves mirror the standards for SSI claims. *See Bailey v. Sec'y of Health & Human Servs.*, 922 F.2d 841, No. 90-3265, 1991 WL 310, at *3 (6th Cir. 1991) (table). "The standard for disability under both the DIB and SSI programs is virtually identical." *Roby v. Comm'r of Soc. Sec.*, No. 12-10615, 2013 WL 451329, at *3 (E.D. Mich. Jan. 14, 2013), *report and recommendation adopted*, 2013 WL 450934 (E.D. Mich. Feb. 6, 2013); *see also Elliott v. Astrue*, No. 6:09-CV-069-KKC, 2010 WL 456783, at *4 (E.D. Ky. Feb. 3, 2010). The Court thus references both SSI and DWB / DIB case law interchangeably throughout this decision.

*Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009); *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]"). Substantial evidence is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "The substantial-evidence standard allows considerable latitude to administrative decision makers" and "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

The Court must make its substantial evidence determination based on the record as a whole. *Cutlip*, 25 F.3d at 286. However, the Court need not comb the entire record in search for facts supporting under-developed arguments. [*See* General Order No. 13-7 (citing *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006)) ("The parties shall provide the Court with specific page citations to the administrative record to support their arguments. The Court will not undertake an open-ended review of the entirety of the administrative record to find support for the parties' arguments.")]. Further, the Court may not "try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). The Court must affirm the ALJ's decision if there is substantial evidence in the record to support it, even if substantial evidence might also support the opposite conclusion. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 393 (6th Cir. 2004); *Mullen*, 800 F.2d at 545. Likewise, the Court must affirm any ALJ decision supported by substantial evidence, even if the Court itself might have

reached a different original result. *See Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

For context, the Court briefly outlines the ALJ's five-step sequential analysis. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 416.920(a)(4). In the first step, the ALJ decides whether the claimant is performing substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i). In the second step, the ALJ determines whether the claimant suffers from any severe impairments. *Id.* at § 416.920(a)(4)(ii). In the third step, the ALJ decides whether such impairments, either individually or collectively, meet an entry in the Listing of Impairments. *Id.* at § 416.920(a)(4)(iii). In the fourth step, the ALJ determines the claimant's RFC and assesses whether the claimant can perform past relevant work. *Id.* at § 416.920(a)(4)(iv). Finally, in the fifth step, the burden shifts to the Commissioner. The ALJ must consider and decide whether there are jobs that exist in significant numbers in the national economy that the claimant could perform based on RFC, age, education, and work experience. *Id.* at § 416.920(a)(4)(v). If the ALJ determines at any step that the claimant is not disabled, the analysis ends there. *Id.* at § 416.920(a)(4). The ALJ proceeded through all five sequential steps in this case.

## III.    ANALYSIS

The overarching issue, as in most Social Security appeals, is whether ALJ Crocker's RFC finding and ultimate disability determination are supported by substantial evidence in the record. Specifically, Sovey challenges the ALJ's interpretation and assessment of an opinion from consultative examiner Dr. James Owen ("Dr. Owen"), arguing that the ALJ improperly dismissed Dr. Owen's opinion as vague and "not persuasive" because it failed to include specific functional limitations. [DE 18-1 at Page ID # 733]. Sovey further contends that, because the RFC failed to

reflect Dr. Owen's more stringent exertional limitations (purportedly in error), the RFC and resulting non-disability finding are not supported by substantial evidence.

For the reasons discussed below, the Court rejects Sovey's specific challenge to the ALJ's treatment of Dr. Owen's opinion and finds the RFC supported by substantial evidence in the record. The Court thus finds that the ALJ's ultimate determination that Sovey was not disabled under the Social Security Act at any time during the relevant period applies the proper standards and is supported by substantial evidence. Affirmance of the agency decision is required.

A.    THE ALJ DID NOT UNREASONABLY INTERPRET OR ASSESS DR. OWEN'S OPINION.

Sovey argues that the ALJ improperly rejected Dr. Owen's opinion as vague and "not persuasive" for failure to include specific functional limitations. [DE 18-1]. Dr. Owen conducted a consultative examination of Sovey on March 13, 2018. [R. at 529 (Exhibit 4F)]. In addition to providing objective medical data from the exam, and as is relevant here, Dr. Owen opined generally that Sovey "would have moderate-to-severe difficulty lifting, handling, or carrying objects." [R. at 531].[3] Ultimately, the ALJ expressly considered Dr. Owen's objective findings and resulting medical opinion in his decision. He found that because Dr. Owen "opined no specific limitations[,]" his (one-sentence) opinion "was not persuasive in that regard," *i.e.*, as it related to precise functional working restrictions in the RFC context. [R. at 22]. Nonetheless, ALJ Crocker found considerable value in Dr. Owen's evidence overall, concluding that his "examination findings provided some insight in[to] the severity of the claimant's alleged symptoms and [were] useful in evaluating the claimant's allegations of pain and assess[ing] her functionality." [*Id.*].

---

[3] Dr. Owen also opined that Sovey's impairments would "minimally" affect hearing, seeing, speaking, and traveling. That portion of his opinion is not at issue in this appeal.

Despite Sovey's contention to the contrary, the record confirms that ALJ Crocker reasonably considered the medical opinion and other evidence per the proper standards. As Sovey observes, the updated Social Security regulations governing the ALJ's handling of medical evidence from various sources apply in this case given the applications' filing after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-5884 (Jan. 18, 2017). The relevant revisions altered the hierarchy of medical sources and how the ALJ evaluates medical opinion evidence. [*Id.*]. Under the revised regulations, particular medical sources no longer receive specific evidentiary weight, and the ALJ simply must articulate how persuasive each medical opinion is with respect to various relevant factors. 20 C.F.R. §§ 404.1520c, 416.920c. The most important of these factors are the medical opinion's supportability and consistency, and the ALJ must state in his decision how he considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may consider other listed factors as appropriate.

However, as the Commissioner contends, though the ALJ's decision as a whole must fairly articulate his consideration of these factors and rationale, it need not contain any specific phrasing referencing the regulations' language. Rather, read in the aggregate, the ALJ's analysis simply must "build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)). *See also*, *e.g., McKay v. Comm'r of Soc. Sec.*, No. 2:14-CV-1061, 2015 WL 6447739, at *6 (S.D. Ohio Oct. 26, 2015) (rejecting the argument that "absence of any 'magic words' indicating that the ALJ actually considered the testimony" required remand, where the whole of the ALJ's decision reflected acknowledgment of the at-issue proof); *Sizemore v. Saul*, No. CV 20-273-DLB, 2021 WL 4432476, at *5 (E.D. Ky. Sept. 27, 2021) (likewise rejecting a

"magic words" requirement in relation to the ALJ's assessment of evidence underlying his RFC determination); *Buckhanon ex rel. J.H. v. Astrue*, 368 F. App'x 674, 678–79 (7th Cir. 2010) (observing that the ALJ's rationale need not come in "tidy packaging" and that courts must " read the ALJ's decision as a whole and with common sense").[4]  In other words, "[a]lthough the ALJ must discuss significant evidence supporting her decision and explain her conclusions with sufficient detail to permit meaningful review, there is no requirement that the ALJ incorporate all the information upon which she relied into a single paragraph." *Bryant v. Comm'r of Soc. Sec.*, No. 3:19-CV-0079, 2019 WL 5684456, at *10 (N.D. Ohio Nov. 1, 2019).

Based on its holistic, common sense reading of ALJ Crocker's decision, the Court finds that his handling of the Owen opinion evidence complies with the regulations' procedural requirements and applies the proper standards, substantively accounting for the salient consistency and supportability factors.  The supportability factor looks to the degree of supporting objective

---

[4] The Court recognizes that even substantial evidentiary support elsewhere in the record does not excuse an ALJ's procedural noncompliance with the regulations' requirement to articulate reasons for his treatment of medical opinion proof under §§ 404.1520c and 416.920c.  *See Blakley*, 581 F.3d at 410.  Far from finding that it does, the Court here concludes for the reasons stated *infra* that ALJ Crocker's analysis, when properly read in full, created a sufficiently explained, logical bridge between the evidence and factors considered and the conclusions.  The Court thus finds that he complied with the applicable regulations' procedural requirements, taking his decision as a whole and approaching it with common sense.

In any event, even if ALJ Crocker's failure to explicitly reference the factors is technical procedural noncompliance with the regulations, the Court would find any such error harmless, as ALJ Crocker met the goals of §§ 404.1520c and 416.920c because his overall analysis implicitly reflects his consideration of the relevant factors and issues.  *See Cole v. Comm'r of Soc. Sec.*, 661 F.3d 931, 940 (6th Cir. 2011) (discussing the prior, more claimant-friendly version of the relevant regulations and nonetheless holding, in the treating source context, that procedural error may be harmless where the ALJ otherwise meets the articulation goals); *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 440 (6th Cir. 2010) (noting that an ALJ may indirectly attack the supportability or consistency of opinion proof); *Burba v. Comm'r of Soc. Sec.*, No. 1:19-CV-905, 2020 WL 5792621, at *4 (N.D. Ohio Sept. 29, 2020) (addressing this precise question and concluding that, under current § 404.1520c, failure to technically comply with procedural regulations would be, if error at all, harmless where the ALJ otherwise met the goals of the regulation).

medical evidence and supporting explanations accompanying a medical opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). Though he did not use the term "supportability" in his analysis, ALJ Crocker evidently concluded that Dr. Owen's opinion as to Plaintiff's carrying/lifting restrictions both was not entirely supported by Dr. Owen's objective exam findings and was not explained in functional terms. ALJ Crocker noted that Dr. Owen's exam findings reflected normal ranges of motion and that Sovey was able to lift herself onto and off of the examination table without issue. [R. at 22]. Per the record, in the same exam file ALJ Crocker expressly reviewed and here referenced, Dr. Owen found that Sovey's "[s]trength, sensation, and coordination all appear[ed] to be within normal limits." [R. at 531]. Further, ALJ Crocker correctly stated that Dr. Owen's opinion as to Sovey's "moderate-to-severe" lifting/carrying difficulty was not phrased in functional terms, *i.e.*, it did not obviously correspond with any RFC limitations. For these reasons, the ALJ reasonably implicitly found that Dr. Owen's opinion was not entirely supported either by his own objective exam findings or by sufficient accompanying explanation to permit its direct translation into functional terms.

Similarly, ALJ Crocker adequately discussed the consistency factor within the relevant regulations, even if the discussion is not as organized or as explicit as the Court might prefer. The consistency factor considers how consistent a medical opinion is with evidence from other medical and non-medical sources in the record. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). Immediately after reviewing Dr. Owen's opinion and findings, ALJ Crocker went on to discuss opinion evidence facially inconsistent with Dr. Owen's opined level of carrying/lifting limitations. [R. at 22-23 (discussing agency consultants' opinion as to carrying/lifting limitations and their findings in support, *e.g.*, lumbar spine MRI records and proof concerning Plaintiff's treatment courses; R. at 71 (Exhibit 5A, MRI findings); R. at 75 (opining that Plaintiff could occasionally

lift 20 pounds and frequently lift 10 pounds); R. at 89 (opining same); R. at 85 (Exhibit 6A, MRI findings); Exhibits 2F & 5F (back pain treatment records)].  A common sense reading of ALJ Crocker's decision confirms that he considered the consistency of Dr. Owen's opinions and findings in relation to (among other proof) opinions and findings from the various agency consultants as to Sovey's carrying/lifting restrictions.

The ALJ's decision as it relates to Dr. Owen thus creates the required logical bridge and demonstrates adequate articulation of the relevant factors in considering his opinion.  Overall, the administrative decision adequately permits a reviewer to discern the ALJ's reasons for his interpretation and assessment of Dr. Owen's medical opinion, and the Court finds that interpretation and assessment both reasonable and supported by substantial evidence in the record.  No more is required, even if the Court may have weighed the proof differently in the first instance or would prefer a clearer or better organized analysis.  As the Commissioner argues, the ALJ's interpretation and assessment is owed deference where, as here, the procedural requirements are met.  *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 532 (6th Cir. 1997) (finding that the ALJ reasonably discounted a medical opinion that lacked functional descriptions, where it advised the claimant "to refrain from extensive lifting, [but] gave no indication of what this entailed"); *see also Villarreal v. Sec'y of Health & Hum. Servs.*, 818 F.2d 461, 462 (6th Cir. 1987) (finding that a medical source "provided qualified opinions, at best, as to the degree of disability" where his opined limitations lacked obvious functional equivalents).  The Court thus rejects Plaintiff's challenge to the ALJ's treatment of the Owen proof.[5]

_____

[5] To the extent Plaintiff argues that the ALJ should have recontacted Dr. Owen for greater clarity or more information, the Court rejects the argument, as the ALJ had no such obligation in this case.  *See* 20 C.F.R. § 404.1520b(b) (providing that an ALJ *may* recontact a source for clarity if the evidence in the record as a whole is insufficient to reach a determination or decision).  ALJ Crocker was able to make a procedurally compliant, substantially supported decision in this case—

**B.    THE RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE.**

The Court briefly addresses Sovey's residual, overarching argument that the RFC, particularly in relation to its carrying/lifting limits, is not supported by substantial evidence in the record.  The Court finds that it is.

First, the Court disagrees with Plaintiff's characterization of a light work RFC as inherently inconsistent with Dr. Owen's opined carrying/lifting limitations.  Though the ALJ did not find them entirely persuasive in the RFC context and thus did not incorporate them in full, the ultimate RFC substantially accounts for Plaintiff's reduced lifting/carrying functional abilities.  The ALJ found that Plaintiff could perform only at the light work exertional level, which "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. §§ 404.1567(b), 416.967(b).  Because Dr. Owen's opinion that Plaintiff "would have moderate-to-severe difficulty lifting, handling, or carrying objects" was not phrased in functional terms, it is not at all clear that a light work RFC, with the requirements as stated, is inconsistent with moderate-to-severe limitations.  Further, as ALJ Crocker discussed in his decision, Dr. Owen's objective examination findings were ultimately helpful in assessing Plaintiff's limitations and constructing the RFC.  [R. at 22].  As previously stated, Dr. Owen's

---

indeed, using Dr. Owen's opinion and evidence in part; he thus was not required to recontact Dr. Owen for more detail.  Further, Plaintiff's reliance on *Walker v. Astrue*, No. 2:03-0078, 2008 WL 4722121, at *9 (M.D. Tenn. Oct. 21, 2008), is largely misplaced.  The *Walker* court recommended that the ALJ there erred in dismissing Plaintiff's subjective complaints of severe pain as "vague" and inconsistent with medical exam results indicating "mild" impairment.  The *Walker* analysis, in the context of the regulations' specific framework for evaluating subjective complaints, is inapt and offers little guidance here.  As the Commissioner notes, the framework for evaluating subjective complaints is less tied to functional terms than the framework for evaluating medical opinions.  [DE 24 at Page ID # 764]; *see* 20 C.F.R. § 404.1529.  Further, the *Walker* court found that the ALJ's decision was insufficiently clear as to what parts of the claimant's testimony he found vague or unsupported, precluding fair review.  In contrast, as discussed, ALJ Crocker adequately explained his reasons for assessing Dr. Owen's opinion as he did.

examination findings reflected normal ranges of motion, that Sovey was able to lift herself onto and off of the examination table, and that Sovey's strength, sensation, and coordination all were within normal limits. [R. at 531].

Further, additional evidence in the record amply supports the carrying/lifting limitations as indicated in the RFC. In March 2018, agency consultant Dr. Douglas Back ("Dr. Back") opined, based on several objective exam findings, that Sovey could carry/lift up to 20 pounds occasionally and 10 pounds frequently. [R. at 75-77 (Exhibit 5A); *see also* Exhibit 6A]. Agency consultant Dr. Robert Culbertson offered a similar opinion based on similar exam findings later in 2018. [R. at 115-118 (Exhibit 11A); *see also* Exhibit 12A]. ALJ Crocker expressly considered these findings and opined limitations in his RFC assessment, and they support the ultimate RFC determination. [R. at 23]. Additionally, early in the relevant period in this case (late 2016) and as the ALJ mentioned, some of Sovey's own representations as to her lifting/carrying ability indicate exertional abilities roughly consistent with light work. [R. at 23 (discussing Exhibit 1F); *see* R. at 339 (Exhibit 1F) (stating that she cannot lift heavy weights off the floor but could lift light/medium weights if conveniently positioned)]. Together with the evidence from Dr. Owen, which the ALJ credited and considered in part in this context, all of this proof offers substantial evidence for the ALJ's ultimate RFC conclusion, particularly as it relates to the carrying/lifting restrictions at issue in this appeal.

This requires affirmance. The Court is not positioned to resolve conflicts in the evidence or to supplant the ALJ's weighing of the proof with its own. *Bass*, 499 F.3d at 509. Critically, as noted, affirmance is required if there is substantial evidence in the record to support it, even if substantial evidence might also support the opposite conclusion, or if the Court itself might have reached a different result in the first instance. *Warner*, 375 F.3d at 393; *Mullen*, 800 F.2d at 545;

12

*Longworth*, 402 F.3d at 595 (6th Cir. 2005). The substantial evidence standard is a low bar—more than a scintilla, but less than a preponderance—and the proof in support of ALJ Crocker's RFC finding clears the hurdle. Accordingly, because the ALJ's decision applies the proper procedural standards per the regulations and it is supported by substantial evidence, the Court must affirm the agency determination below.

### IV.    <u>CONCLUSION</u>

For all of the reasons discussed, **IT IS ORDERED** that the Commissioner's motion for summary judgment [DE 24] is **GRANTED** and Sovey's competing motion [DE 18] is **DENIED**. A corresponding Judgment shall follow.

This the 9th day of February, 2022.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge